**Joan STAINBROOK, Plaintiff,**

v.

**John N. KENT, D.D.S.; Board of Supervisors of Louisiana State University and Agricultural and Mechanical College, Defendants.**

Civ. No. 3–91–215.

United States District Court,
D. Minnesota,
Third Division.

Sept. 10, 1991.

Ronald S. Goldser, Zimmerman & Reed, Minneapolis, Minn., for plaintiff.

Bradley M. Jones and Laura J. Hanson, Meagher & Geer, Minneapolis, Minn., for defendant Bd. of Sup'rs of Louisiana State University and Agr. and Mechanical College.

## MEMORANDUM OPINION AND ORDER

DEVITT, District Judge.

### Introduction

Plaintiff Joan Stainbrook commenced this action against John N. Kent, D.D.S. (Kent) and the Board of Supervisors of Louisiana State University (LSU) to recover for injuries sustained in connection with the surgical implant of a prosthetic device. Defendant LSU moves the court to dismiss this action under Fed.R.Civ.P. 12(b)(2) for lack of personal jurisdiction. LSU maintains that it does not possess the requisite minimum contacts with the state of Minnesota to subject it to the personal jurisdiction of this court. Plaintiff responds that this court may properly exercise personal jurisdiction over LSU. First, plaintiff avers that LSU possesses the requisite minimum contacts. Second, plaintiff maintains that its service of the summons and complaint upon LSU's assistant to the athletic director within the District of Minnesota is sufficient to subject LSU to the court's personal jurisdiction. Alternatively, in the event the court is inclined to dismiss the action, plaintiff moves the court to transfer this case under 28 U.S.C. § 1404(a) to the United States District Court for the Eastern District of Texas. For the reasons set forth below, the court grants LSU's motion to dismiss and denies plaintiff's motion to transfer.[1]

### Background

Plaintiff is a Minnesota resident. Kent is a doctor of dentistry and is employed by the LSU Medical Center School of Dentistry. In December, 1983, plaintiff had inserted into her jaw a Proplast temporomandibular joint prosthetic. Because of a number of serious problems experienced by plaintiff, the prosthetic was removed in April, 1985. Plaintiff contends the device was defective and caused her injuries. Plaintiff further alleges that Kent and LSU participated with Vitek, Inc. (Vitek), a Texas corporation and the manufacturer of the Proplast implant, in the development and marketing of the prosthetic.

Plaintiff originally filed a complaint in Minnesota state court, Hennepin County, setting forth various class allegations[2] and pleading claims of negligence, strict liability, breach of warranty, and misrepresentation. Defendants subsequently removed the action to this court.

In March, 1991, plaintiff attempted service of the summons and complaint upon LSU by delivering a copy of each document to LSU's assistant to the athletic director. At that time, the LSU men's basketball team was competing in the National Collegiate Athletic Association (NCAA) tournament regional final being held in Minneapolis, Minnesota. LSU and plaintiff have since stipulated that this did not constitute proper service upon LSU. *See* Stipulation and Order, April 23, 1991 [Docket entry no. 4].

### Discussion

#### A.

Our Eighth Circuit Court of Appeals has articulated a two-part inquiry to determine

---

1. The complaint in this action contains various class allegations thus presenting the possibility that this case will proceed as a class action. After reviewing thoroughly the file, the court finds that this case presents the possibility or likelihood of protracted litigation. The court has declined to accept the assignment of such cases in the past, having assumed senior status. The court finds it wise to direct the Clerk of Court to reassign this case to another district judge.

2. No class has been certified in this action to date.

whether the court may exercise personal jurisdiction over a nonresident party:

(1) whether the facts presented satisfy the forum state's long-arm statute, and (2) whether the nonresident has 'minimum contacts' with the forum state, so that the court's exercise of jurisdiction would be fair and in accordance with due process.

*Wines v. Lake Havasu Boat Manufacturing, Inc.*, 846 F.2d 40, 42 (8th Cir.1988); *see also Falkirk Mining Company v. Japan Steel Works, Ltd.*, 906 F.2d 369, 372–73 (8th Cir.1990).

■ Minnesota's long-arm statute permits the exercise of personal jurisdiction over a nonresident when the nonresident:

(a) Owns, uses or possesses any real or personal property situated in this state, or

(b) Transacts any business within the state, or

(c) Commits any acts in Minnesota causing injury or property damage, or

(d) Commits any act outside Minnesota causing injury or property damage in Minnesota, subject to the following exceptions when no jurisdiction shall be found:

(1) Minnesota has no substantial interest in providing a forum; or

(2) The burden placed on the defendant by being brought under the state's jurisdiction would violate fairness and substantial justice; or

(3) The cause of action lies in defamation or privacy.

Minn.Stat. § 543.19. Minnesota state courts interpret the long-arm statute to authorize personal jurisdiction over nonresident defendants to the maximum extent permitted by due process. *Wines*, 846 F.2d at 42 (citing *Vikse v. Flaby*, 316 N.W.2d 276, 281 (Minn.1982)).

■ The court proceeds directly to analyze whether LSU has the requisite minimum contacts with this forum. Our Eighth Circuit Court of Appeals considers five factors: (1) the nature and quality of the contacts with the forum state; (2) the quantity of contacts with the forum state; (3) the relation of the cause of action to the contacts; (4) the interest of the forum state in providing a forum for its residents; and (5) the convenience of the parties. *Land–O–Nod Co. v. Bassett Furniture Industries, Inc.*, 708 F.2d 1338, 1340 (8th Cir. 1983). "The first three factors are of primary importance and the last two are of secondary importance." *Tonka Corporation v. Tsaisun, Inc.*, 1 U.S.P.Q.2d 1387, 1396 n. 14, 1986 WL 29980 (D.Minn.1986). Plaintiff bears the burden of setting forth a prima facie showing of the existence of jurisdiction. *Wines*, 846 F.2d at 42. Once plaintiff makes a prima facie showing, the burden of defeating jurisdiction then shifts to defendant. 4 Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1073 n. 28 (citing *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 477–78, 105 S.Ct. 2174, 2184–85, 85 L.Ed.2d 528 (1985)).

■ Plaintiff sets forth two predicate contacts to support the court's exercise of personal jurisdiction over LSU. First, plaintiff alleges that LSU actively participated with Vitek in the development of the Proplast implant. Vitek is presently defending a number of civil actions venued in the District of Minnesota. It is undisputed that this court properly may exercise personal jurisdiction over Vitek. Thus, according to plaintiff, the court may exercise personal jurisdiction over other parties who assisted in the development of the implant. Second, plaintiff points to LSU's participation in the NCAA men's basketball tournament region final held in Minneapolis, Minnesota in March, 1990.

LSU denies that it assisted or otherwise participated in the development of the implant, and avers that Kent contracted with Vitek to consult on the manufacture of the Proplast implant. LSU admits having other contacts with the forum, but denies that these are sufficient to satisfy the minimum contacts standard because they are unrelated to this litigation.

Plaintiff's first argument depends upon, among other things, the assumption that this court's exercise of personal jurisdiction over Vitek in other lawsuits stems from Vitek's nationwide distribution of the Pro-

plast implant. Plaintiff has failed to demonstrate that this is the case. Vitek is licensed to do business in Minnesota, maintains a place of business here, and has an agent for service of process in this state. Thus, Vitek appears subject to this court's personal jurisdiction regardless of the allegations of nationwide distribution made in connection with the Proplast implant. Plaintiff's argument further rests upon the erroneous legal premise that all parties involved in the development of a given product are subject to personal jurisdiction in any district in which the product is used. This is clearly not the state of the law. *See Asahi Metal Industry Co., Ltd. v. Superior Court of California*, 480 U.S. 102, 112, 107 S.Ct. 1026, 1032, 94 L.Ed.2d 92 (1987). Plaintiff has failed to provide the court with evidence tending to show that LSU was involved with the development or distribution of the Proplast implant so as to subject LSU to the personal jurisdiction of this court. LSU's contacts with the forum are negligible and entirely unrelated to this litigation. LSU's participation in a basketball tournament can hardly serve as a predicate contact supporting the exercise of personal jurisdiction over LSU in an action concerning an allegedly defective prosthetic implant.

Plaintiff further seeks to support the exercise of personal jurisdiction over LSU by relying upon the March, 1991 service of the summons and complaint upon LSU's assistant to the athletic director within this district. Plaintiff concedes it earlier stipulated that such service was ineffective but moves the court to vacate the stipulation. The court refuses to vacate the stipulation for two reasons. First, plaintiff's counsel is presumed to have executed the stipulation cognizant of the consequences; plaintiff's counsel offered no evidence tending to demonstrate the contrary. The court is not inclined to discard cavalierly such agreements. Second, the attempted service was ineffective; consequently, even vacating the stipulation would not justify

the exercise of personal jurisdiction over LSU. The court finds that plaintiff has failed to carry her burden of demonstrating that the exercise of personal jurisdiction over LSU would be proper.

### B.

■ As noted earlier, plaintiff moves the court, in the alternative, to transfer this action to the federal district court for the Eastern District of Texas under 28 U.S.C. § 1404(a). Plaintiff's transfer motion stems evidently from a desire to avoid statute of limitations issues which would arise in the event of dismissal. Section 1404(a) provides:

> For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought.

Plaintiff's counsel failed entirely to discuss the appropriateness of transferring this action to the Eastern District of Texas under section 1404(a) in the papers submitted in connection with this motion. Plaintiff's counsel further failed to demonstrate at oral argument that this action might have been brought in the Eastern District of Texas. The court thus denies plaintiff's transfer motion.[3]

### ORDER

Based upon the foregoing, and all the files, briefs, and arguments of counsel,

IT IS ORDERED that:

1. Defendant Board of Supervisors of Louisiana State University and Agricultural and Mechanical College's (LSU's) motion to dismiss for lack of personal jurisdiction is GRANTED;

2. Plaintiff's motion to transfer this action to the United States District Court for the Eastern District of Texas is DENIED;

---

**3.** At oral argument, LSU indicated that it would consent to transfer of this cause to the United States District Court for the Middle District of Louisiana. The court inquired of plaintiff's counsel whether he would prefer transfer to Louisiana over dismissal. Plaintiff's counsel responded that he was opposed to transfer to Louisiana.

3. The clerk is directed to reassign this case to another judge on the master list.